## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:23-CR-26 |
| | : | |
| v. | : | (Judge MANNION) |
| | : | |
| RAHMEL WIGFALL, | : | (electronically filed) |
| a/k/a "Inf," | : | |
| Defendant | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania and the above-

captioned defendant.  Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea.</u>  The defendant agrees to plead guilty to Count 1 of

   the Indictment, which charges the defendant with a violation of

   Title 21, United States Code, §§ 846, 841(a)(1) and 841(b)(1)(A)

   Conspiracy to Distribute more than 400 Grams of Fentanyl, a

   Schedule II Controlled Substance. The maximum penalty for

   that offense is imprisonment for a period of life but a mandatory

   minimum term of 10 years in prison, a fine of $10,000,000, a

maximum term of supervised release of life but a minimum of at least 5 years, which shall be served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in that count. After sentencing, the United States will move for dismissal of any remaining counts of the Indictment. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The

2

calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.  **Mandatory Minimum Sentence. Count 1 carries a mandatory minimum period of imprisonment of 10 years.**

3.  <u>Term of Supervised Release</u>. The defendant understands that the Court must impose at least a 5-year term of supervised release but up to a lifetime of supervised release in addition to any term of imprisonment, fine or assessment involving this violation of the Controlled Substances Act. The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute. The Court may require a term of supervised release in any other case. In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the

3

defendant cooperate in the collection of a DNA sample if the
collection of a sample is so authorized by law.

4.   <u>Maximum Sentence</u>.  The defendant understands that the total,
maximum possible sentence for all charges is the combination of
penalties described above; that is, up to life in prison but a
mandatory minimum term of 10 years in prison, fines totaling
$10,000,000, a maximum term of supervised release of up to life,
but at least 5 years, the costs of prosecution, denial of certain
federal benefits and an assessment totaling $100.

5.   <u>No Further Prosecution, Except Tax Charges</u>.  The United
States Attorney's Office for the Middle District of Pennsylvania
agrees that it will not bring any other criminal charges against
the defendant directly arising out of the defendant's
involvement in the offense(s) described above.  However,
nothing in this Agreement will limit prosecution for criminal tax
charges, if any, arising out of those offenses.

4

B. **Fines and Assessments**

6.  <u>Fine</u>. The defendant understands that the Court may impose a
    fine pursuant to the Sentencing Reform Act of 1984. The willful
    failure to pay any fine imposed by the Court, in full, may be
    considered a breach of this Plea Agreement. Further, the
    defendant acknowledges that willful failure to pay the fine may
    subject the defendant to additional criminal violations and civil
    penalties pursuant to Title 18, United States Code, § 3611, et
    seq.

7.  <u>Inmate Financial Responsibility Program</u>. If the Court orders a
    fine or restitution as part of the defendant's sentence, and the
    sentence includes a term of imprisonment, the defendant agrees
    to voluntarily enter the United States Bureau of Prisons-
    administered program known as the Inmate Financial
    Responsibility Program, through which the Bureau of Prisons
    will collect up to 50% of the defendant's prison salary, and up to
    50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the
outstanding fine and restitution orders.

8.  <u>Special Assessment</u>.  The defendant understands that the Court
will impose a special assessment of $100, pursuant to the
provisions of Title 18, United States Code, § 3013.  No later
than the date of sentencing, the defendant or defendant's
counsel shall mail a check in payment of the special assessment
directly to the Clerk, United States District Court, Middle
District of Pennsylvania.  If the defendant intentionally fails to
make this payment, that failure may be treated as a breach of
this Plea Agreement and may result in further prosecution, the
filing of additional criminal charges, or a contempt citation.

9.  <u>Collection of Financial Obligations</u>.  In order to facilitate the
collection of financial obligations imposed in connection with
this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an
interest or over which the defendant has control, directly or

6

indirectly, including those held by a spouse, nominee, or
other third party;

b.  to submit to interviews by the Government regarding the
defendant's financial status;

c.  to submit a complete, accurate, and truthful financial
statement, on the form provided by the Government, to the
United States Attorney's Office no later than 14 days
following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact
by and communication with the Government, and to waive
any prohibition against communication with a represented
party by the Government regarding the defendant's
financial status;

e.  to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the Court; and

f.  to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial

7

information between the Government and the Probation
Office.

## C. <u>Sentencing Guidelines Calculation</u>

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.
The defendant understands that the Sentencing Guidelines are
advisory and not binding on the Court.  The defendant further
agrees that any legal and factual issues relating to the
application of the Sentencing Guidelines to the defendant's
conduct, including facts to support any specific offense
characteristic or other enhancement or adjustment and the
appropriate sentence within the statutory maximums provided
for by law, will be determined by the Court after briefing, a pre-
sentence hearing, or a sentencing hearing.

11. Acceptance of Responsibility– Two/Three Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a two- or three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

12. Specific Sentencing Guidelines Recommendations.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

    a. **For purposes of the U.S.S.G., the parties agree that the defendant is responsible for the distribution of, and possession with intent to distribute, at least 400 grams but less than 1.2 kilograms of fentanyl, a Schedule II controlled substance.**

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct.  The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct.  The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

13. <u>Appropriate Sentence Recommendation.</u>  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of

10

imprisonment and fine allowable, together with the cost of
prosecution.

14. <u>Special Conditions of Probation/Supervised Release</u>.  If
probation or a term of supervised release is ordered, the United
States may recommend that the Court impose one or more
special conditions, including but not limited to the following:

a.  The defendant be prohibited from possessing a firearm or
other dangerous weapon.

b.  The defendant make restitution, if applicable, the payment
of which shall be in accordance with a schedule to be
determined by the Court.

c.  The defendant pay any fine imposed in accordance with a
schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit
charges or opening additional lines of credit without
approval of the Probation Office unless the defendant is in
compliance with the payment schedule.

11

e.   The defendant be directed to provide the Probation Office
     and the United States Attorney access to any requested
     financial information.

f.   The defendant be confined in a community treatment
     center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

i.   The defendant be restricted from working in certain types of
     occupations or with certain individuals if the Government
     deems such restrictions to be appropriate.

j.   The defendant be directed to attend substance abuse
     counseling, which may include testing to determine whether
     the defendant is using drugs or alcohol.

k.   The defendant be directed to attend psychiatric or
     psychological counseling and treatment in a program
     approved by the Probation Officer.

l.   The defendant be denied certain federal benefits including
     contracts, grants, loans, fellowships, and licenses.

12

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

15.  Destruction Order/Waivers.  The defendant further agrees, should the United States deem it appropriate to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the

13

entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and
43(a) regarding notice of the forfeiture in the charging
instrument, announcement of the forfeiture at sentencing, and
incorporation of forfeiture in the judgment.

## D. Victims' Rights and Restitution

16. <u>Victims' Rights</u>. The defendant understands that pursuant to
the Victim and Witness Protection Act, the Crime Victims'
Rights Act, the Justice for All Act, and the regulations
promulgated under those Acts by the Attorney General of the
United States, crime victims have the following rights:

a.  The right to be reasonably protected from the accused;

b.  The right to reasonable, accurate, and timely notice of any
    public court proceeding or any parole proceeding involving
    the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court
    proceeding, unless the Court, after receiving clear and
    convincing evidence, determines that testimony by the

14

victim would be altered materially if the victim heard other

testimony at that proceeding;

d.   The right to be reasonably heard at any public hearing in

the Court involving release, plea, sentencing, or any parole

proceeding.  The defendant understands that the victims'

comments and recommendations at any of these proceedings

may be different than those of the parties to this

Agreement;

e.   The reasonable right to confer with the attorney for the

Government in the case.  The defendant understands that

the victims' opinions and recommendations given to the

attorney for the Government may be different than those

presented by the United States as a consequence of this

Agreement;

f.   The right to full and timely restitution as provided for by

law.  The attorney for the Government is required to "fully

advocate the rights of victims on the issue of restitution

unless such advocacy would unduly prolong or complicate

the sentencing proceeding," and the Court is authorized to

order restitution by the defendant including, but not limited

to, restitution for property loss, economic loss, personal

injury, or death;

g.  The right to proceedings free from unreasonable delay; and

h.  The right to be treated with fairness and with respect for

the victim's dignity and privacy.

17. <u>Restitution</u>.  The defendant acknowledges that, pursuant to the

Mandatory Restitution Act of April 24, 1996, Title 18, United

States Code, § 3663A, the Court is required in all instances to

order full restitution to all victims for the losses those victims

have suffered as a result of the defendant's conduct.  The

defendant also agrees that the Government will seek, and the

Court may impose an order of restitution as to victims of the

defendant's relevant conduct.  With respect to the payment of

restitution, the defendant further agrees that, as part of the

sentence in this matter, the defendant shall be responsible for

making payment of restitution in full, unless the defendant can

16

demonstrate to the satisfaction of the Court that the defendant's

economic circumstances do not allow for the payment of full

restitution in the foreseeable future, in which case the

defendant will be required to make partial restitution

payments.  In addition to the schedule of payments that may be

established by the Court, the defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of federal

crimes are entitled to full and timely restitution.  As such, these

payments do not preclude the Government from using other

assets or income of the defendant to satisfy the restitution

obligation.  The defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victims in a timely fashion.  Although

the defendant may reserve the right to contest the amount of

17

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government.  Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

election, elect to pursue civil or criminal forfeiture in the

amount of the victim restitution owed in this case, and the

Court may enter both a restitution order and a forfeiture

judgment in the amount of any unpaid restitution found by the

Court to be due and owing at the time of sentencing in this

matter.  The defendant consents to the filing of any civil

complaint or superseding information which may be necessary

to perfect a forfeiture order and further stipulates and agrees

that the defendant's guilty plea constitutes an admission to all

matters legally and factually necessary for entry of a forfeiture

order in this case.  The parties agree that the Government will

recommend, but cannot guarantee, that any assets recovered

through forfeiture proceedings be remitted to crime victims to

18

reduce the defendant's restitution obligation in this case.  The
defendant acknowledges that the making of any payments does
not preclude the Government from using other assets or income
of the defendant to satisfy the restitution obligation.  The
defendant understands that the amount of restitution
calculated for purposes of Chapter 5 of the Sentencing
Guidelines might be different from the amount of loss calculated
for purposes of Chapter 2 of the Sentencing Guidelines.

18. <u>Full Restitution by Schedule</u>.  The defendant agrees to make
full restitution in accordance with a schedule to be determined
by the Court.

## E.  Information Provided to Court and Probation Office

19. <u>Background Information for Probation Office</u>.  The defendant
understands that the United States will provide to the United
States Probation Office all information in its possession that the
United States deems relevant regarding the defendant's
background, character, cooperation, if any, and involvement in
this or other offenses.

19

20. <u>Objections to Pre-Sentence Report</u>.  The defendant understands
that pursuant to the United States District Court for the Middle
District of Pennsylvania's "Policy for Guideline Sentencing,"
both the United States and defendant must communicate to the
Probation Officer within 14 days after disclosure of the pre-
sentence report any objections they may have as to material
information, sentencing classifications, applicable Sentencing
Guidelines ranges, and policy statements contained in or
omitted from the report.  The defendant agrees to meet with the
United States at least five days prior to sentencing in a good
faith attempt to resolve any substantive differences.  If any
issues remain unresolved, they shall be communicated to the
Probation Officer for inclusion in an addendum to the pre-
sentence report.  The defendant agrees that unresolved
substantive objections will be decided by the Court after
briefing, a pre-sentence hearing, or at the sentencing hearing,
where the standard or proof will be a preponderance of the
evidence, and the Federal Rules of Evidence, other than with

respect to privileges, shall not apply under Fed. R. Evid.

1101(d)(3), and the Court may consider any reliable evidence,

including hearsay. Objections by the defendant to the pre-

sentence report or the Court's rulings, will not be grounds for

withdrawal of a plea of guilty.

21. <u>Relevant Sentencing Information</u>. At sentencing, the United

States will be permitted to bring to the Court's attention, and

the Court will be permitted to consider, all relevant information

about the defendant's background, character and conduct,

including the conduct that is the subject of the charges that the

United States has agreed to dismiss, and the nature and extent

of the defendant's cooperation, if any. The United States will be

entitled to bring to the Court's attention and the Court will be

entitled to consider any failure by the defendant to fulfill any

obligation under this Agreement.

22. <u>Non-Limitation on Government's Response</u>. Nothing in this

Agreement shall restrict or limit the nature or content of the

United States' motions or responses to any motions filed on

21

behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F.  Court Not Bound by Plea Agreement

23. Court Not Bound by Terms.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of life in prison, a maximum fine of $10,000,000, a maximum term of supervised release of life but at least 5 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $100.

22

24. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.
If the Court imposes a sentence with which the defendant is
dissatisfied, the defendant will not be permitted to withdraw
any guilty plea for that reason alone, nor will the defendant be
permitted to withdraw any guilty plea should the Court decline
to follow any recommendations by any of the parties to this
Agreement.

## G.  **Breach of Plea Agreement by Defendant**

25. <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the
defendant shall be admissible, and during which the United
States shall be required to establish any breach by a

23

preponderance of the evidence.  In order to establish any breach

by the defendant, the United States is entitled to rely on

statements and evidence given by the defendant during the

cooperation phase of this Agreement, if any.

26. <u>Remedies for Breach</u>.  The defendant and the United States

agree that in the event the Court concludes that the defendant

has breached the Agreement:

a.    The defendant will not be permitted to withdraw any guilty

plea tendered under this Agreement and agrees not to

petition for withdrawal of any guilty plea;

b.    The United States will be free to make any

recommendations to the Court regarding sentencing in this

case;

c.    Any evidence or statements made by the defendant during

the cooperation phase of this Agreement, if any, will be

admissible at any trials or sentencings;

d.    The United States will be free to bring any other charges it

has against the defendant, including any charges originally

24

brought against the defendant or which may have been under investigation at the time of the plea. The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

27. <u>Violation of Law While Plea or Sentence Pending</u>. The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing. The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any

25

sentencing recommendations to the Court that it deems appropriate. The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H. **Deportation**

28. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

## I.  Appeal Waiver

29. ~~Appeal Waiver – Direct.~~ ~~The defendant is aware that Title 28,~~ *R.W*
*DC*

~~United States Code, § 1291 affords a defendant the right to~~

~~appeal a judgment of conviction and sentence; and that Title 18,~~

~~United States Code, § 3742(a) affords a defendant the right to~~

~~appeal the sentence imposed.  Acknowledging all of this, the~~

~~defendant knowingly waives the right to appeal the conviction~~

~~and sentence.  This waiver includes any and all possible~~

~~grounds for appeal, whether constitutional or non-~~

~~constitutional, including, but not limited to, the manner in~~

~~which that sentence was determined in light of *United States v.*~~

~~*Booker*, 543 U.S. 220 (2005).  The defendant further~~

~~acknowledges that this appeal waiver is binding only upon the~~

~~defendant and that the United States retains its right to appeal~~

~~in this case.~~

## J.  Other Provisions

30. Agreement Not Binding on Other Agencies.  Nothing in this

Agreement shall bind any other United States Attorney's Office,

27

state prosecutor's office, or federal, state, or local law
enforcement agency.

31. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or
    initiate any civil claims or suits against the United States of
    America, its agencies or employees, whether or not presently
    known to the defendant, arising out of the investigation,
    prosecution or cooperation, if any, covered by this Agreement,
    including but not limited to any claims for attorney's fees and
    other litigation expenses arising out of the investigation and
    prosecution of this matter.  By the defendant's guilty plea in
    this matter the defendant further acknowledges that the
    Government's position in this litigation was taken in good faith,
    had a substantial basis in law and fact and was not vexatious.

32. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is
    entering this Agreement with the defendant because this
    disposition of the matter fairly and adequately addresses the
    gravity of the offense(s) from which the charge(s) is/are drawn,

28

as well as the defendant's role in such offense(s), thereby serving the ends of justice.

33. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

34. <u>Defendant is Satisfied with Assistance of Counsel</u>. The

Defendant agrees that the defendant has discussed this case

and this Agreement in detail with the defendant's attorney, who

has advised the defendant of the defendant's Constitutional and

other trial and appellate rights, the nature of the charges, the

elements of the offenses the United States would have to prove

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

35. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this

Agreement must be signed by the defendant and defense

counsel and received by the United States Attorney's Office on

or before 5:00 p.m., **May 8, 2024**, otherwise the offer may, in the

sole discretion of the Government, be deemed withdrawn.

36. <u>Required Signatures</u>.  None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it
with my attorney.  I fully understand it and I voluntarily agree to it.

5/6/24
Date

RAHMEL WIGFALL
Defendant

I am the defendant's counsel.  I have carefully reviewed every part
of this agreement with the defendant.  To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

5/6/24
Date

DAVID CHERUNDOLO, ESQUIRE
Counsel for Defendant

GERARD M. KARAM
United States Attorney

_5/7/24_
Date

By: ROBERT J. O'HARA
Assistant United States Attorney

AUSA/RJO/2023R089 May 2, 2024
VERSION DATE: March 8, 2021

32